# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| DEANDRA M. WHITE, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **No. 5:21-cv-00024-MTT-MSH** |
| CORRECTIONAL OFFICER | : | |
| DOUGHTAY, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Plaintiff Deandra M. White, a prisoner in the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, filed a handwritten document, which was docketed in this Court as a 42 U.S.C. § 1983 complaint. Compl., ECF No. 1. Thereafter, Plaintiff was ordered to recast his complaint on a § 1983 complaint form and either pay the Court's filing fee or move for leave to proceed *in forma pauperis*. Order, ECF No. 3. Plaintiff subsequently filed a recast complaint and a motion to proceed *in forma pauperis*, but his motion to proceed *in forma pauperis* was not supported by a certified copy of his trust fund account statement. Recast Compl., ECF No. 5; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 6. Thus, Plaintiff was ordered to submit a certified copy of his trust fund account statement. Order, ECF No. 8. Plaintiff was given twenty-one days to file his account statement and was cautioned that his failure to do so may result in the dismissal of this action. *Id.*

Thereafter, Plaintiff did not file his account statement or otherwise respond to that order within the allotted time. As a result, Plaintiff was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the order to

file an account statement.   Order to Show Cause, ECF No. 9.   Plaintiff was given twenty-one days to respond and was cautioned that his failure to do so would result in the dismissal of this action.   *Id.*

More than twenty-one days have now passed since that order was entered, and Plaintiff has not responded to the show cause order or otherwise complied with the previous orders.   Moreover, mail sent to Plaintiff at the GDCP, the only address on file for Plaintiff, was returned to the Court as undeliverable.   Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this action, and insofar as the Court has no information as to Plaintiff's current whereabouts, this case cannot proceed.

Thus, because Plaintiff has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.   *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 17th day of May, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT